IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD HANSEN | ) | Case No. 8:17-cv-469 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| | ) | |
| AMERICAN AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Ronald Hansen, by and through their attorneys, Morrow, Poppe, Watermeier & Lonowski, P.C., as and for his Complaint, respectfully allege as follows, to-wit:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff Ronald Hansen, at all times relevant hereto, was a resident of Omaha, Douglas County, Nebraska, and maintained his principal and permanent residence at this location.

2. Defendant American Airlines, Inc. (hereinafter "American Airlines") is a Delaware Corporation with its principal place of business in Tarrant County, Texas, engaged in the scheduled transportation of passengers and property from points within the United States to destinations and intermediate points beyond the borders of the United States, through itself and its codeshare partners;

3. This is an action for the losses and damages arising from personal injuries sustained by the Plaintiff, Ronald Hansen, as a result of severe turbulence encountered on American Airlines Flight 1286 from Dallas-Fort Worth, Texas to Omaha, Nebraska on December 13, 2015 on an international itinerary originating from Cabo San Lucas, Mexico.

4. Subject matter jurisdiction is proper under 28 U.S.C. §1331, in that this action arises from a treaty agreement, namely the Convention for Unification of Certain Rules Relating to International Carriage by Air, opened for signature on May 18, 1999, reprinted in S. Treaty Doc 106-45 at 27 2000, 1999 WL 33292734 (entered into force November 4, 2003) commonly referred to as the Montreal Convention (hereinafter referred to as the "Montreal Convention") and under 28 U.S.C. §1332 (1) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. The United States District Court for the State of Nebraska is proper venue under Article 33 of the Montreal Convention as the State of Nebraska was and continues to be the principal and permanent place of residency of the Plaintiff and the place from which Defendant operates services for the carriage of persons by air pursuant to commercial agreements with other carriers, from premises leased by those carriers with which it has commercial agreements.

**GENERAL ALLEGATIONS**

6. On December 13, 2015, the Defendant, American Airlines, was a commercial air carrier certified and operating within the regulations of the United States Department of Transportation, and further in accordance with 14 CFR Part 121; and at all times engaged in the business of carrying passengers for hire;

7. Prior to December 13, 2015, a contract for international carriage, as defined in Article I of the Montreal Convention, was made in the United States providing Plaintiff Ronald Hansen with international travel by air to Cabo San Lucas, Mexico, beginning and ending in the United States.

8. As part of the contract for international carriage, on December 13, 2015, Plaintiff boarded an aircraft operated as American Airlines Flight 1286 at Dallas-Fort Worth International Airport with a destination of Omaha, Nebraska;

9. As the American Airlines Flight 1286 reached cruising altitude, the aircraft encountered unannounced, sudden, and severe turbulence, resulting in large, abrupt changes in altitude for a lengthy duration. Plaintiff was forced violently against his seat belt several times, which resulted in significant and severe back injury to the Plaintiff.

**CAUSE OF ACTION UNDER ARTICLE 17 OF THE MONTREAL CONVENTION**

10. Plaintiff incorporates by reference paragraphs 1-9 above as if fully stated herein;

11. On December 13, 2015, a multilateral treaty known commonly as the Montreal Convention, was in full force and effect in the United States, and governed international carriage by air.

12. At the time that the Plaintiff sustained the bodily injuries complained of herein, American Airlines was engaged in international carriage as defined in Article 1 of the Montreal Convention and said Convention is therefore applicable to the action.

13. The injuries sustained by Plaintiff were suffered as a passenger onboard Flight 1286 during the course of the flight.

14. Pursuant to Article 17 of the Montreal Convention, Defendant is liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage sustained took place on board the aircraft.

15. Article 21 of the Montreal Convention further provides for damages up to 100,000 Special Drawing Rights (a unique monetary unit which acts only in the capacity of a

reserve instrument, promulgated and controlled by the International Monetary Fund it is composed of a basket of currencies), American Airlines shall not be able to exclude or limit its liability, and to the extent that Plaintiff Ronald Hansen's damages exceed 100,000 Special Drawing Rights, the air carrier must prove that Ronald Hansen's damages were not due to its negligence, wrongful acts or omissions; or that Ronald Hansen's damages were due solely due to the negligence, wrongful act, or omission of a third party.

16. To the extent that the amount of Plaintiff's damages exceed 100,000 Special Drawing Rights, American Airlines is liable due to the negligence or the wrongful acts or omissions of American Airlines, its servants or agents.

17. The Montreal Convention explicitly permits courts to award Plaintiff's litigation costs and expenses and attorney's fees in excess of the prescribed damages liability caps.

## **NEGLIGENCE**

18. Plaintiff re-alleges and restates paragraphs 1 through 17 as though fully set forth herein.

19. Defendant American Airlines was under a duty to exercise reasonable care and/or exercise the highest degree of care in the safety of its passengers during the course of the boarding, carrying, in-flight, or disembarkment processes of the subject aircraft;

20. Defendant American Airlines' negligence, wrongful acts, or omissions of its employees, agents, and servants, was a direct and proximate cause of Plaintiff's injuries in the following respects:

    a. By failing to exercise reasonable care in the safety of its passengers during the flight process;

    b. By placing Plaintiffs in the position of immediate peril and risk of injuries;

    c. By failing to properly warn Plaintiffs of the hazardous conditions in the airspace;

    d. By failing to maintain the stability and security of the passenger cabin area during the flight process; and

    e. By failing to obtain an adequate preflight briefing regarding the hazardous flight conditions.

21. The incident in question was not caused by any voluntary action or contribution on the part of the Plaintiff.

22. The bodily injuries sustained by Plaintiff were not due to the negligence, wrongful acts of a third-party.

23. That as a direct and proximate cause of the aforesaid negligence of the Defendant, the Plaintiff sustained the following damages:

    a. The reasonable expenses of necessary medical care, treatment and services to date in the amount of $131,480.95;

    b. Permanent injury and disability in the past, and it is reasonably certain the Plaintiff will experience disability in the future;

    c. Physical and mental pain and suffering in the past, and it is reasonably certain the Plaintiff will experience physical and mental pain and suffering in the future;

    d. Mileage expenses for traveling to and from medical providers for treatment to date which total approximately $2,614.30;

    e. Inconvenience experienced by the Plaintiff in the past, and it is reasonably certain the Plaintiff will experience inconvenience in the future (Neb. Rev. Stat. § 25-21, 185.08 (3) (Reissue 1995)); and

    f. Lost wages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendant for special damages in the amount of $134,095.25 plus general damages as allowed under law, including pain and suffering, past and future together with the cost of this action, and further:

A. Awarding Plaintiff his costs and expenses in this litigation, including reasonable attorney's fees and experts' fees and other costs and disbursements; and

B. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Comes now, Plaintiff Ronald Hansen, by and through their undersigned legal counsel and hereby make a demand for trial by jury on all issues so triable.

Respectfully submitted.

       RONALD HANSEN, Plaintiff

BY:   MORROW, POPPE,
         WATERMEIER & LONOWSKI, P.C.
       A Limited Liability Organization
       201 North 8th Street, Suite 300
       P.O. Box 83439
       Lincoln, Nebraska 68501-3439
       (402) 474-1731

By:   /s/Andrew K. Joyce
      Scott E. Tollefsen    #21791
      Andrew K. Joyce    #25657